IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-00259-SKC

S.B.S.,

     Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

     Defendant.

## OPINION & ORDER

This action is before the Court under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff S.B.S.'s[1] application for supplemental security income. The parties have consented to the Magistrate Judge's jurisdiction. Dkt 9.[2]

The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. Because the ALJ

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 8.

applied the correct legal standards when evaluating Plaintiff's pain complaints, and because substantial evidence in the record supports her findings and the Final Decision, the Court AFFIRMS the Final Decision.

## BACKGROUND

On May 17, 2019, Plaintiff filed a Title XVI application for supplemental security income (SSI) under the Social Security Act claiming he became disabled beginning that same date. He eventually appeared and testified at an administrative law hearing on May 7, 2021, before Administrative Law Judge Diane S. Davis (ALJ). Attorney Brandon Selinsky represented Plaintiff at the hearing.

The ALJ issued her written Decision on July 30, 2021. Dkt. 8-2. She determined Plaintiff had not been under a disability from the alleged onset date through the date of her Decision. Plaintiff then requested review by the Appeals Council, which denied his request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

## SSI FRAMEWORK[3]

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income.

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in Steps One through Four. The

Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 17, 2019. AR: 15. At Step Two, she found Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, bipolar disorder, generalized anxiety disorder, and somatic symptom disorder.[4] *Id.* At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 16. She then found Plaintiff has the RFC

> to perform light work, as defined in 20 CFR 416.967(b), meaning the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for about 6 hours total in an 8-hour workday and can sit for about 6 hours total in an 8-hour workday. He can frequently finger and feel with the right upper extremity. Additionally, the claimant can understand, remember, and carry out, simple, routine, repetitive tasks that can be learned and mastered in up to 30 days' time or less, with a Reasoning level of 3 or less. The work involves occasional direct contact with the general public. At such levels, he can maintain concentration, persistence, and pace within customary norms, interact appropriately with others, make simple work-related decisions, plan and set goals, adapt to routine workplace changes, travel, and recognize and avoid ordinary workplace hazards.

---

[4] She also found Plaintiff had migraine headaches and left knee bursitis, both of which she concluded were not severe impairments. AR: 15. She also found Plaintiff suffered nerve damage but that this was not a medically determinable impairment. *Id.* at 15-16.

*Id.*at 18. At Steps Four and Five, the ALJ found Plaintiff was unable to perform any past relevant work, but that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 28. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period. *Id.* at 29.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes two arguments in this appeal, claiming the ALJ erred: (1) "by failing to make adequate findings at step four regarding the functional effects of [Plaintiff]'s subjective symptoms, including pain, and by failing to adequately consider [his] continuing pain in assigning the residual functional capacity (RFC) restrictions[;]" and (2) "because the RFC and the finding that [Plaintiff] was not disabled were not based on substantial evidence." The Court addresses these arguments in turn.

### 1. Whether the ALJ Failed to Make Adequate Findings at Step Four Re: Plaintiff's Subjective Symptoms, Including His Pain

Plaintiff focuses this argument on the ALJ's handling of his subjective complaints of pain. Dkt. 10 at pp.19-23. He argues the ALJ failed to adequately consider his pain complaints under SSR 16-3p and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). According to Plaintiff, the ALJ's findings "seemed to be based more on an assessment of credibility than an analysis of the factors set forth in the

7

regulation." He argues the ALJ's failures in this regard equate to a failure to follow the correct legal standard. Defendant responds by arguing that Plaintiff not only ignores that the regulations explain that subjective complaints will be assessed considering the objective medical evidence, but he also ignores that while an ALJ is not required to specifically discuss every factor mentioned in § 416.929(c)(3), the ALJ here did in fact discuss multiple factors. Defendant further argues the ALJ found that clinical findings in the medical records, Dr. Baker's release to work without restriction, two functional capacity evaluations, and the prior administrative medical findings from Drs. Holtgrewe and Madden, were a more accurate reflection of Plaintiff's functional abilities than Plaintiff's subjective claims of debilitating symptoms. The Court agrees with Defendant.

In determining whether an individual is disabled, under SSR 16-3p, an ALJ is to consider all symptoms, including pain, and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p. "Symptoms" include "the individual's own description or statement of his or her physical" impairments, but those statements "alone are not enough to establish the existence of a physical or mental impairment or disability." *Id.* Instead, an ALJ is to consider alleged impairment-related symptoms using a two-step process. At step one the ALJ determines "whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms." *Id.* At step two the ALJ

considers "the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities[.]" *Id.*

In addition, when evaluating the intensity, persistence, and limiting effects of an individual's symptoms, SSR 16-3p guides that the ALJ should also use the factors in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), which include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

It is manifest from the face of the Final Decision that the ALJ carefully followed the correct legal standard outlined in SSR 16-3p when formulating the RFC. AR: 19-22. She specifically stated that in evaluating Plaintiff's subjective symptoms, she "considered the factors in 20 (sic) 416.929(c)(3) and Social Security Ruling 16-3p." *Id.* at 20; *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.").

9

But even beyond her word, the Final Decision discusses how the ALJ found that Plaintiff's reported activities conflicted with his claimed limitations and he had shown improvement with both surgeries he underwent. *Id.* at 20-22. She further discusses the side effects of Plaintiff's medications and the evidence in the record of Plaintiff's symptom exaggeration. *Id.* at 22-24. After giving due consideration to Plaintiff's various pain complaints and walking through them in the Final Decision, the ALJ gave this summary of her analysis:

> In sum, looking over the entire period at issue, the record indicates an ability to function at the light range of exertion. Even before the first cervical surgery performed in January 2020, records noted normal grip strength, reflexes, and shoulder range of motion (C6F/4). After the January 2020 surgery, records showed resolution of hand and arm symptoms and improved cervical range of motion (C7F/349; C10F/1). Further, the claimant's neurosurgeon gave him no restrictions after his March 2020 slip on ice (C18F/5), as well as after the May 2020 motor vehicle accident (C16F/64). While the claimant required a cervical revision to address further degeneration of C6-7 shortly before the hearing, the limited available evidence indicates improved symptoms following the procedure. Additionally, the claimant testified to attending his nephew (sic) soccer game approximately a week after the surgery (hearing testimony). Altogether, this indicates a good response to treatment including surgical intervention, as well as an ability to function within the reduced range of light work activities assessed in the residual functional capacity.

AR: 22.

These are sound conclusions and substantial evidence in the record supports them. The ALJ's thorough discussion of the evidence and the reasons for her conclusions demonstrate she applied the correct legal standard(s) under SSR 16-3p

and the factors in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).[5] Consequently, Plaintiff's arguments are ultimately a request to reweigh the evidence, which the Court cannot do. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007).

### 2. Whether the "ALJ erred because the RFC and the finding that [Plaintiff] was not disabled were not based on substantial evidence."

Here Plaintiff argues the Final Decision fails the substantial evidence test "in a number of respects," as follows:

> The record reflects that [Plaintiff] twice had surgery for his cervical impairment during the period between the date of the application and the hearing, but the first surgery was not successful, and the second surgery was only a few weeks before the date of the hearing. (AR 447, 1357). In the meantime, [Plaintiff]'s condition varied, but by ten months after the first surgery, [Plaintiff] was again experiencing symptoms that interfered with his ability to function. (AR 1087). Nevertheless, it appears that, in evaluating the evidence, the ALJ relied almost exclusively on evidence gathered during periods when [Plaintiff] was at his best, and dismissed opinion evidence gathered during periods of difficulty. (See AR 23-28).

Dkt. 10 at p.24. But this argument, which is fully encapsulated here, is woefully underdeveloped. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Franklin Sav. Corp. v. U.S.*, 180 F.3d 1124, 1128 n.6 (10th Cir.

---

[5] Plaintiff also argued the ALJ "focused heavily on [Plaintiff's] ability to drive[.]" Dkt. 10 at p.21. But as Defendant points out, this argument is not accurate. The ALJ's discussion of Plaintiff's ability to drive was limited to her assessment of Plaintiff's mental limitations (not challenged here by Plaintiff) rather than his physical limitations. *See* AR: 16 (discussing Plaintiff's ability to drive with reference to his abilities in "understanding, remembering or applying information[.]")

1999) (arguments presented superficially are waived). Further, the Court's analysis from the above discussion has already found that substantial evidence in the record supports the ALJ's findings and formulation of the RFC.

*     *     *

For the reasons shared above, the Court is satisfied that the ALJ considered all relevant facts, applied the correct legal standards, and that the record contains substantial evidence from which the Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Title XVI of the Social Security Act, and therefore, not eligible to receive SSI.

Accordingly, IT IS ORDERED that the Commissioner's Final Decision is AFFIRMED and this civil action is DISMISSED, with each party paying their own fees and costs.

DATED:  November 7, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge